UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CHARLES BEARD, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CV-43 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| JACQUELINE SCHULTEN and ) | |
| FLORENCE ELAINE STANLEY, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss filed by Defendant Florence Elaine Stanley ("Stanley") (Court File No. 6). Defendant Stanley filed a brief in support of her motion (Court File No. 5) and Plaintiff Charles Beard, Sr. ("Plaintiff") filed a response (Court File No. 7). For the following reasons, the Court will **GRANT** Stanley's motion.

### I. RELEVANT FACTS

On February 18, 2005, Plaintiff, acting *pro se*, filed the instant "Complaint for Discrimination & Violation of Civil Rights with no Opportunity of Due Process in State Courts" (Court File No. 1). The caption of Plaintiff's complaint names only Judge Jacqueline Schulten ("Judge Schulten") and Stanley, Plaintiff's exwife, as defendants, but generally alleges the actions of Judge Schulten and a number of other named state court judges have operated to deny him the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution. Specifically, Plaintiff alleges Judge Neil Thomas disregarded the terms of a divorce agreement

entered into by Plaintiff and Stanley; Judge Robert Summitt improperly granted Stanley a divorce, accused Plaintiff of "cruel treatment," and made a dubious ruling in an unrelated case; and Judge Schulten refused to entertain motions, proof, exhibits, and documents relating to Plaintiff's attempts to seek a reduction in child support and/or custody of his children. With respect to Stanley, Plaintiff alleges she has deprived him of visitation time with their children in violation the terms of an agreed order, has allowed her current husband to act as the children's father, and does not celebrate Christmas with the children. Additionally, Plaintiff complains that the City of Chattanooga no longer provides a free law library to citizens and contends the Tennessee Court of Appeals has rendered decisions in his case without fully considering the issues presented.

Plaintiff generally alleges the acts and omissions of the various courts and judges named and described in the complaint "have failed to accord Plaintiff the same respect as [Stanley] always rendering a partial and no impartial ruling in favor of [Stanley], thereby depriving Plaintiff of due process and imposing costs on [Plaintiff] which the court knew he could not pay" (Court File No. 1, p. 5). Plaintiff requests the Court enter an order finding no back child support due and owing, limiting the amount of current child support due, enjoining Stanley "from instituting any actions against Plaintiff for the recovery of the said amount or any part thereof," honoring the first agreed order between Plaintiff and Stanley with respect to custody of their children, sanctioning Stanley's attorney, awarding Plaintiff the equity he held in his residence at the time of the divorce agreement, and awarding Plaintiff the costs of this action. Plaintiff has twice supplemented his complaint based on events which have transpired since the commencement of this litigation (Court File Nos. 8, 9) and has filed a "motion for change of custody" (Court File No. 10) and a "father's plea for immediate injunction pending motion for custody" (Court File No. 16).

## II. DISCUSSION

Stanley contends Plaintiff's complaint should be dismissed based on a lack of diversity of citizenship or, alternatively, because "the gravamen of the complaint pertains to the enforcement or modification of child support claims from which the federal courts have abstained and deferred to the state courts" (Court File No. 5, p. 3). Under the "domestic relations exception," federal courts have traditionally declined to exercise jurisdiction over cases involving divorce, alimony, adoption, and child custody matters subject to state law. *See McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 693-703, 112 S. Ct. 2206, 2209-15, 119 L. Ed. 2d 468 (1992). In determining whether jurisdiction exists, courts are to carefully examine the complaint and determine whether the plaintiff's claims are actually concerned with a domestic relations matter, though they may be phrased in terms of a tort action. *See Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1216 (6th Cir. 1981).

Stanley's motion appears to center on the lack of diversity of citizenship between the parties, but Plaintiff has nowhere alleged he and Stanley (or Judge Schulten) are citizens of different states nor does he appear to assert jurisdiction on that basis. Rather, it seems apparent from Plaintiff's complaint and his response to Stanley's motion to dismiss that Plaintiff is contending the Court has federal question jurisdiction over his cause (*see* Court File No. 1, p. 5 ("as an American citizen this court has Jurisdiction in all Due process cases when State actions has failed to adhere to due process or lack thereof"); Court File No. 7, p. 1). Nevertheless, this distinction is of no significance because "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone*, 654 F.2d at 1215

3

(citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973)); *see also Popovici v. Agler*, 280 U.S. 379, 383-84, 50 S. Ct. 154, 155, 74 L. Ed. 489 (1930) (stating federal government has no power to regulate any aspect of domestic relations law); *In re Burrus*, 136 U.S. 586, 593-94, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890) (voiding writ of habeas corpus issued by federal district court which restored child to custody of plaintiff-father after concluding "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States").

Plaintiff contends this case is not about divorce and custody matters so much as it is about the constitutional sufficiency of the process and procedure by which the litigation of those matters was conducted (*see* Court File No. 7, pp. 1-2). Although Plaintiff's claim is nominally premised upon the Fourteenth Amendment, even a cursory examination of the complaint and Plaintiff's requested relief reveals he is seeking a decree from this Court respecting matters of child support, child custody, and divorce arrangements. Plaintiff does not even attempt to disguise the nature of his complaint by requesting only monetary damages for the alleged due process violations he has suffered in the state court proceedings. In fact, Plaintiff explicitly requests the Court modify standing child support orders, give effect to a particular child custody order, and modify a divorce decree so as to grant Plaintiff an equity interest in a particular asset. That Plaintiff's complaint is, at its core, a domestic relations matter is further belied by his filing of two motions relating to child custody matters (Court File No. 10 ("motion for change of custody"), Court File No. 16 ("father's plea for immediate injunction pending motion for custody")).

In *McLaughlin v. Cotner*, a plaintiff argued her suit against her ex-husband did not fall within the domestic relations exception to federal jurisdiction because her complaint sought damages for

4

breach of contract and tortious interference with a contract relating to residential property under Ohio tort and contract law. *See* 193 F.3d at 413. The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") held otherwise, finding that the contract in dispute was part of a separation agreement which had been incorporated into a divorce decree. *Id.* As such, the Sixth Circuit concluded it lacked jurisdiction because "this case is not a tort or contract suit that merely has domestic relations overtones, but is one seeking a declaration of rights and obligations arising from marital status." *Id.* at 413-14. Plaintiff's claim in the case at hand is like that of *McLaughlin* because an adjudication of whether Plaintiff was denied due process of law necessarily requires the Court to examine the substance of the divorce, child support, and custody matters. Therefore, as in *McLaughlin*, the federal courts lack jurisdiction over the matter because an adjudication of Plaintiff's due process claim requires "a declaration of rights" as to these matters of domestic relations. *Id.*

## IV. CONCLUSION

Because the Court lacks jurisdiction to adjudicate Plaintiff's claims against Defendant Stanley, the Court will **GRANT** Defendant Stanley's motion to dismiss those claims (Court File No. 6).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

5